UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22 CR 554 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| DAVIAN WARREN, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A)((Compassionate Release). (ECF #51). The government filed a Response in Opposition to Defendant's Motion. (ECF #52). This is Mr. Warren's first Motion for Compassionate Release. Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons."

    A. <u>Exhaustion of Administrative Remedies</u>

Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or when there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B).

The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Warren claims that he submitted a request to the Warden of his facility on November 20, 2025, and he attached documentation of the email request he submitted. (ECF #51-5). The government contends that this is insufficient evidence that he has exhausted his administrative remedies, but provides no evidence that would suggest this email was not, in fact, submitted to the Warden, as represented. Because Mr. Warren has provided evidence that he sought the approval of his Warden, and more than thirty days has passed since that request was sent, the Court will address the merits of his request.

B. <u>Substantive Requirements</u>

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a)," must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. *See*, U.S.S.G.§1B1.13(a).[2] A "compassionate release

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

[2] 18 U.S.C. §3582(c)(1)(A) requires Courts to determine a reduction for compassionate release is "consistent with applicable policy statements issued by the Sentencing Commission." The government's brief mistakenly cites outdated case law and guideline provisions, arguing that the policy statements in §1B1.13 do not apply to compassionate release motions filed by incarcerated persons. (ECF #52, PageId 279). Prior to the 2023 Amendment, the policy statement, by its own terms applied only to motions brought by the Director of the Bureau of Prisons ("BOP") and not those brought directly by inmates. However, this dichotomy in the standards for granting compassionate release were eliminated by the 2023 Amendment. The guidelines now provide that a court may reduce a term of imprisonment only if it determines that a reduction is consistent with the applicable policy statements, whether the request is filed by the defendant or by the BOP. U.S.S.G. §1B1.13(a)(3). The Amendment also added more categories of "extraordinary and

decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). Mr. Warren argues that he qualifies for relief because his circumstances meet the definition of "extraordinary and compelling reasons" as set forth in the U.S.S.G. policy statement in §1B1.13(b)(3)(A).

1. Extraordinary and Compelling Reason

Subsection (b)(3)(A) provides that the "death or incapacitation of the caregiver of the defendant's minor child" is an extraordinary and compelling reason warranting a reduction in sentence. *Id.* Mr. Warren states that he has a thirteen year old child, who has been taken into the custody of the Cuyahoga County Division of Children and Family Services ("CCDCFS") because his mother recently passed away. Although extended family attempted to take him in, they were unable to provide the care this child required due, in part, to his behavioral and mental health concerns. Mr. Warren has provided evidence of his paternity, of the mother's death, and of the CCDCFS' appointment to take custody of the child and provide for his care. This situation falls squarely within the circumstances defined as an "extraordinary and compelling reason" for relief under §1B1.13(b)(3)(A).

2. Safety of the Community

Neither party explicitly addresses whether Mr. Warren satisfies the second requirement for relief by showing that he is no longer a danger to the safety of any other person or the community. Based upon his lengthy criminal background and history of recidivism, as well as the nature of the charges he pled guilty to, the Court finds that Mr. Warren remains a danger to the community and is, therefore, ineligible for a reduction at this time. Mr. Warren pled guilty to possession with intent to distribute a controlled substance and being a felon in possession of a

_____

compelling reasons" for relief. U.S.S.G. §1B1.13(b).

-3-

firearm. (ECF #34). The firearm he possessed was stolen, and was loaded. He had multiple prior firearm offenses, as well as two attempted felonious assault convictions.

Mr. Warren committed these crimes while on supervised release, and was simultaneously sentenced for that violation. Although at the time of sentencing he scored as a criminal history category VI, he was sentenced under the category V guidelines in anticipation of changes that would reduce the penalty points assigned for committing the crime while on supervised release.

Mr. Warren suffered multiple traumas as a child and has on-going mental health issues, that are being treated and otherwise addressed in the BOP, but which may not be treated and controlled if he is released prematurely. While incarcerated he has made great progress, obtaining his GED, and learning other job skills. He also has been taking advantage of many programs, including several aimed at understanding and correcting his tendencies toward recidivism, drug use, and violence. However, he is only three years into a 102 month sentence, and has not yet had the opportunity to fully develop the skills he will need to maintain forward progress on the outside. The nature of his prior crimes show that a return to prior habits would pose a serious and present danger to the community. His prior history of recidivism indicates that shorter sentences have not operated as a deterrent, nor allowed him time to progress sufficiently toward his stated goal of maintaining a lawful life upon release. For these reasons, the Court finds it is likely that Mr. Warren would be a danger to the safety of the community if he were to be released early.

3. <u>18 U.S.C. §3553(a) Factors</u>

Even if Mr. Warren had satisfied the other criteria for relief, a modification to his sentence the 18 U.S.C. §3553(a) factors do not support a sentence modification. For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a).

Specifically, for the reasons set forth above, Mr. Warren has not demonstrated that he is no longer a danger to the community. Further, any reduction granted at this juncture would fail take into the account the seriousness of his offense, the need to avoid unwarranted sentence disparities, and the need to provide future deterrence both to Mr. Warren and to others who may consider such actions. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Warren is not entitled to a reduction in sentence.

C. Conclusion

Although Mr. Warren has demonstrated extraordinary and compelling reasons for relief, he has not established the other requirements for relief. Despite his significant forward progress, Mr. Warren is likely to be a danger to the community if released at this early juncture, and the time he has served to this point is not sufficient to satisfy all of the §3553(a) factors. Having considered the record, Mr. Warren' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #51). IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATE: January 12, 2026